UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARK MCGRIFF and WILLIAM NIX, on behalf of the INDIANA STATE COUNCIL OF CARPENTERS PENSION FUND,<br>    Plaintiffs,<br><br>    v.<br><br>SCHENKEL & SONS INC., *et al.*,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CAUSE NO.: 2:18-CV-364-JVB-JEM<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on Defendant Schenkel Construction Inc.'s Partial Motion to Dismiss/Motion to Stay [DE 25], and Defendant 1120 LLC's Partial Motion to Dismiss/Motion to Stay [DE 27], both filed on November 16, 2018. Plaintiffs Mark McGriff and William Nix filed responses to both motions on November 30, 2018. Defendants filed replies on December 21, 2018. For the reasons stated below, the motions are denied.

## BACKGROUND

Defendant Schenkel and Sons ("Schenkel"), a building and construction firm, contributed to the Indiana State Council of Carpenters Pension Fund (the "Fund"), pursuant to a collective bargaining agreement with the Indiana/Kentucky/Ohio Regional Council of Carpenters (the "Union"). Plaintiffs, suing on behalf of the Fund, allege that co-defendants Schenkel Construction Inc. ("SCI") and 1120 LLC ("1120") are alter egos or successor entities of Schenkel.

In February 2014, the Union announced that it was terminating the collective bargaining agreement with Schenkel, effective May 31, 2017. Based in part on the termination, the Fund argued there had been a "complete withdrawal" from the Fund by Schenkel, as defined in the Multiemployer Pension Plan Amendments Act, and therefore Schenkel owed the Fund roughly

$1.8 million in pension liability. In October 2014, the Fund sued Schenkel and SCI in the Southern District of Indiana, seeking interim withdrawal liability payments. While the litigation was ongoing, the dispute went to arbitration, and the arbitrator found that despite the Union's early termination of the agreement, Schenkel did not have a "complete withdrawal" from the Fund. In February 2017, the Southern District of Indiana held that this finding precluded the Fund from collecting interim liability payments, and dismissed the action for lack of jurisdiction because no "case or controversy" remained among the parties.

On May 31, 2017, the collective bargaining agreement expired. Plaintiffs now sue on behalf of the Fund in this Court, arguing that Defendants experienced a complete withdrawal "in the Fund's plan year beginning April 1, 2017." Among other relief, the Fund seeks interim liability payments from all three Defendants. Defendants SCI and 1120 move to dismiss Counts III and IV of the Complaint, which seek interim liability payments from them, arguing that they are not "employers" as defined by ERISA. In the alternative, they ask that the claims be stayed pending another arbitration.

## ANALYSIS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on the motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6), the complaint must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice

2

of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 570).

### A.     Defendants' Request for Dismissal

SCI and 1120 move to dismiss under Rule 12(b)(6), arguing that they are not "employers" as defined by ERISA, and therefore are not liable for interim withdrawal liability payments. Although the Fund agrees that SCI and 1120 were not signatories to the collective bargaining agreement, the Fund argues that SCI is a successor entity or alter ego of Schenkel, and that 1120 owns 100% of the shares of Schenkel, making it in "common control" with Schenkel.

When an "employer" experiences a complete withdrawal from a pension plan, it must pay to the plan the "allocable amount of unfunded vested benefits." 29 U.S.C. § 1381(a),(b)(1). The plan must timely notify the employer of the amount owed, and if the employer disagrees with the plan's assessment of liability, the parties must try to resolve the issue through arbitration. *See* 29 U.S.C. § 1399(b), 1401(a)(1). While arbitration is ongoing, the employer must make interim payments to the plan, "notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule." 29 U.S.C. § 1399(c)(2). The plan can pursue these interim payments in court while arbitration is ongoing. The employer must pay interim payments unless certain limited exceptions are met, such as when the claim is "frivolous." *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat., Inc.*, 253 F.3d 1011, 1015, 1019 (7th Cir. 2001).

Under ERISA, the term "employer" includes "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5).

3

Withdrawal liability can attach to an entity that was not a party to a collective bargaining agreement if it is so intertwined with an employer that they constitute a single entity, or if the non-signing entity is an "alter ego" of the signatory. *See, e.g., Moriarty v. Svec*, 164 F.3d 323, 332 (7th Cir. 1998) (holding that "when two entities are sufficiently integrated, they will be treated as a single entity" for purposes of withdrawal liability); *Trustees of Pension, Welfare & Vacation Fringe Ben. Funds of IBEW Local 701 v. Favia Elec. Co.*, 995 F.2d 785, 789 (7th Cir. 1993) (alter ego doctrine can apply to "a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement"). If one business purchases another, successor liability can attach if the purchasing business was on notice of the claim of liability and there is substantial continuity in the operations of the business. *See Tsareff v. ManWeb Servs., Inc.*, 794 F.3d 841, 845 (7th Cir. 2015). In addition, if a business is under "common control" with the employer, the two entities are deemed to be a single employer for ERISA purposes. *See* 29 U.S.C. § 1301(b)(1).

With regard to Schenkel, the Complaint alleges that SCI obtained "substantially all" of Schenkel's assets as an attempt to avoid Schenkel's obligations under the collective bargaining agreement. Compl., ¶ 65. The Complaint further alleges that SCI operates from the same place of business as Schenkel, provides the same services, uses the same equipment and vehicles, and actively markets and trades on the goodwill of the "Schenkel" brand. *Id.*, ¶ 66-67. With regard to 1120, the Fund alleges that 1120 owns 100% of the shares of Schenkel, and therefore is under common control with Schenkel. *Id.*, ¶ 48. These facts, accepted as true for the purpose of the motions, are sufficient to support claims that SCI and 1120 can be liable for interim withdrawal payments because they qualify as "employers." Moving defendants note that there has been no

judicial determination that they are employers, but at this stage, only well-pleaded facts – not evidence or prior "determinations" – are required to defeat the motion to dismiss.

## B. Defendants' Request for a Stay

In the alternative, Defendants argue that the case should be stayed because the court in the 2014 case stayed the Fund's previous claim for interim liability payments against SCI pending the outcome of arbitration. Defendants state that the prior case was stayed to allow the arbitrator to address whether SCI was an employer under ERISA, and since that same question is at issue here, this Court must take the same action.

Defendants misunderstand the prior court's decision. First, the case was stayed not because the arbitrator's decision was necessary to resolve the case, but because some of the arbitration proceedings were duplicative of the litigation. To limit repetitive discovery and briefing, the court stayed the adjudication of SCI's liability until the arbitrator's decision was announced. *See McGriff v. Schenkel & Sons, Inc.*, No. 1:14-CV-01742-TWP-MPB, [DE 40] at *5-7, n. 2 (S.D. Ind. March 13, 2015) ("Adjudication in this litigation at this time over whether [SCI] is an alter ego of [Schenkel] or single employer with it would require substantial efforts [duplicative of the arbitration] . . . Although the arbitrator's decision may not be binding on [SCI], the court will be amenable to a substantially accelerated litigation schedule once the arbitrator issues his decision."). The order did not indicate that an action for interim withdrawal payments could not proceed until the arbitrator addressed whether SCI was an employer. To the contrary, because the arbitration requirement applies only to "employers," the question of who is an "employer" is a threshold question properly reserved to the district court and not subject to the arbitration requirement. *Bowers v. Transportacion Maritima Mexicana, S.A.*, 901 F.2d 258, 261 (2d Cir. 1990) ("Arbitration is prescribed only for disputes 'between an employer and the plan sponsor.' . . . Thus,

5

the MPPAA does not preclude judicial resolution of the threshold legal issue [of whether a party is] an employer within the meaning of the statute.") (citations omitted); *Local 705, Int'l Bhd. of Teamsters Pension Tr. Fund v. Packey, Inc.*, No. 96 C 2330, 1997 WL 724548, at *4 (N.D. Ill. Nov. 10, 1997); *Cent. States, Se. & Sw. Areas Pension Fund v. Progressive Driver Servs., Inc.*, 940 F. Supp. 1311, 1314 (N.D. Ill. 1996) (listing cases). The arbitrator may make findings on Defendants' "employer" status, but the Court is not obliged to adopt them or stay the case to wait for them. The Fund represents that the arbitration in this case has been stayed pending the outcome of *this* action, so it is not clear how the case would proceed if Defendants' request is granted. Under these circumstances, it is not appropriate to grant the requested alternative relief of a stay.

Although Defendants reference "the doctrine of *res judicata*/issue preclusion," neither principle applies, because the order granting a stay to avoid repetitive discovery and briefing was neither a final judgment on a claim nor essential to a judgment. *See* 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4421 (3d ed.) ("Issue preclusion attaches only to determinations that were necessary to support the judgment entered in the first action."). It should be noted that in dismissing the 2014 case, the court made no preclusive findings as to any entity's employer status. Rather, the court acknowledged the arbitrator's findings that the Fund's 2014 announcement did not result in Schenkel's "complete withdrawal" from the collective bargaining agreement, and concluded that no interim withdrawal liability could arise from that alleged withdrawal. *See McGriff v. Schenkel & Sons, Inc.*, No. 1:14-CV-01742-TWP-MPB, [DE 46] at *8 (S.D. Ind. February 23, 2017). The Fund has now pled a new basis for a "complete withdrawal," and the prior court's orders do not compel a finding that the Fund's instant claims for interim payments should be dismissed or stayed.

## CONCLUSION

For the reasons described above, the Court hereby **DENIES** Defendant Schenkel Construction Inc.'s Partial Motion to Dismiss/Motion to Stay [DE 25], and Defendant 1120 LLC's Partial Motion to Dismiss/Motion to Stay [DE 27].

SO ORDERED on October 6, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
